**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOMINIQUE JONES, as Mother and Next Friend of ZTARIYAH BENFORD, a Minor, | ) | |
| *Plaintiff*, | ) | No. 26 C 9907 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| CORELLE BRANDS ACQUISITION HOLDINGS, et al. | ) | |
| *Defendants*. | ) | |

## OPINION AND ORDER

Jones moves to remand this case to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1441(b)(2). For the following reasons, the Court DENIES Plaintiff's Motion.

## BACKGROUND

On July 9, 2026, Jones filed this product liability lawsuit on behalf of minor Ztariyah Benford in the Circuit Court of Cook County. (Dkt. 1-2). The complaint alleged negligence and strict liability in the design, manufacture, marketing, sale, and distribution of the Instant Pot Programmable Electric Pressure Cooker, Model Viva Black SS 60 Instant Pot. (*Id.* ¶¶ 36-82). Jones alleges that, as a result of the Defendants' actions, Benford was severely injured when her Instant Pot's lid flew off, discharging its contents while in use. (*Id.* ¶ 88).

On August 17, 2026, former Defendant Midea America Corp. filed a Notice of Removal in this Court pointing to the parties' diversity of citizenship. (Dkt. 1). Jones filed a Motion for Remand on August 26, 2026, claiming that removal is barred by 28 U.S.C. § 1441(b)(2) because one of the Defendants, Corelle Brands Acquisition Holdings, is a citizen of Illinois. (Dkt. 8 ¶ 4). On September 10, 2026, Midea opposed the Motion for Remand, arguing that Corelle is neither a citizen of Illinois, nor a defendant in interest. (Dkt. 14 at 1-2). On September 21, 2026, the parties voluntarily dismissed Midea. (Dkt. 16). Corelle joined and incorporated by reference Midea's Opposition on September 23, 2026. (Dkt. 19).

On October 9, 2026, Jones moved for leave to file additional authority. (Dkt. 23). Corelle filed a response expressing no issue with the Court taking notice of the additional authority and attaching supplemental authority of its own. (Dkt. 24). The Court disregards any arguments in these filings as impermissible sur-replies and denies Jones' motion, but considers all relevant cases from this District, including those attached to the parties' filings.

## LEGAL STANDARD

A defendant may remove to federal court any civil action filed in state court that falls within the original jurisdiction of the district courts of the United States. 28 U.S.C. § 1441(a). A civil

action removable solely on the basis of diversity jurisdiction may not be removed if any of the defendants are citizens of the state in which the action is brought (the forum defendant rule). 28 U.S.C. § 1441(b)(2). The party seeking removal bears the burden of establishing federal jurisdiction, and all jurisdictional doubts are resolved in favor of remand. *Ray v. Tabriz*, 110 F.4th 949, 953 (7th Cir. 2024); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "[T]he proponent of federal jurisdiction must prove [contested] jurisdictional facts by a preponderance of the evidence." *Sykes v. Cook Inc.*, 72 F.4th 195, 206 (7th Cir. 2023) (quotations omitted).

## DISCUSSION

The sole basis for removal in this case is diversity of citizenship under 28 U.S.C. § 1332. (Dkt. 1 at 5). Corelle argues that removal is proper because it is not a citizen of Illinois and, even if it was, it is only a nominal defendant in this action whose citizenship must be disregarded in applying the forum defendant rule. (Dkt. 14 at 2). Jones argues that the forum defendant rule bars removal in this case because Corelle is a party in interest, not a nominal defendant, and is a citizen of Illinois. (Dkt. 15 at 2). The Court need not reach the issue of Corelle's status as a nominal defendant because Corelle establishes that it is not a citizen of Illinois.

Both parties' filings establish that Corelle is a limited liability company. (Dkt. 14-1 ¶ 3); (Dkt. 15, Ex. A). As an LLC, it "carries the citizenship of 'each of its members.'" *Perez v. Staples Cont. & Com. LLC*, 31 F.4th 560, 567 (7th Cir. 2022) (quoting *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006)). A removing defendant must identify and allege the citizenship of each member of the LLC. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533-34 (7th Cir. 2007). The removing party must allege citizenship based on personal knowledge—not just information and belief. *See Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (jurisdictional allegations made "to the best of my knowledge and belief" are insufficient).

Corelle meets this burden through the Keller Declaration, which it attaches to its opposition to Jones' Motion for Remand. (Dkt. 14-1). In it, Keller, who testifies to having knowledge of the facts within, identifies Universal Tabletop, Inc. as Corelle's sole member. (*Id.* ¶ 4). Universal Tabletop—a corporation—is incorporated in Delaware and has its principal place of business in Ohio. (*Id.* ¶ 5). It is therefore a citizen of both states, and not a citizen of Illinois. 28 U.S.C. § 1332(c)(1).

Jones does not dispute Universal Tabletop's citizenship, nor does she challenge the accuracy of Keller's account of Corelle's members. (*See generally* Dkt. 15). The only evidence she supplies to argue that Corelle is an Illinois citizen is a screenshot indicating that Corelle's managers are Illinois citizens. (*Id.* at 2). Because, however, an LLC's citizenship is determined "by the citizenship of each of its *members*," *Wise*, 450 F.3d at 267 (emphasis added), Corelle's *managers'* citizenship is not instructive. Corelle provided uncontroverted evidence alleging that its sole member is a citizen of Delaware and Ohio, (Dkt. 14-1 ¶¶ 4, 5), so it has shown by a preponderance of the evidence that it is not a citizen of Illinois.

With Corelle's citizenship established, the issue of its status as a nominal defendant is not relevant here. None of the defendants, nominal or otherwise, are citizens of Illinois, so the forum defendant rule does not apply. Jones articulates no other basis for remand, and complete diversity exists among the parties.

**CONCLUSION**

The Court DENIES Jones' Motion for Leave to File Additional Authority and DENIES Jones' Motion for Remand.

Virginia M. Kendall
United States District Judge

Date: November 10, 2026